■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN H. BARNES, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Upon our review of the record, we conclude that defendant's conviction was based on legally sufficient evidence and was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). We conclude, however, that reversal is mandated because the trial court improperly admitted, over objection, testimony by a hospital emergency room nurse in which she reiterated complainant's version of events surrounding the rape, which had occurred three days earlier. That evidence constituted inadmissible hearsay (see, People v Wooden, 66 AD2d 1004, 1005; People v Vicaretti, 54 AD2d 236). The People contend only that the evidence was admissible under the business record exception to the hearsay rule (CPLR 4518). Because the medical records were not introduced into evidence, that argument· has no merit. That error cannot be deemed harmless because the People's proof directly implicating defendant consisted solely of complainant's testimony and was not overwhelming (see, People v Jackson, 124 AD2d 975, 976, lv denied 69 NY2d 746).

Defendant's remaining contentions have not been preserved for our review (see, CPL 470.05 [2]) and we decline to consider them as a matter of discretion in the interest of justice (see, CPL 470.15 [6]). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Rape, 1st Degree.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.