■ M&T Bank, Respondent, v Cliffside Property Management, LLC, et al., Appellants, et al., Defendants. [26 NYS3d 601]—

In an action to foreclose a mortgage, the defendants Cliffside Property Management, LLC, and Joseph Scorsone appeal from so much of an order of the Supreme Court, Putnam County (Grossman, J.), entered March 17, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and dismissing their counterclaims, to strike their answer, and to appoint a referee to compute the amount due to the plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]; *see Wells Fargo Bank, N.A. v Charlaff*, 134 AD3d 1099 [2015]). "Where, as here, the plaintiff's standing to commence the action is placed in issue by a defendant, the plaintiff must ultimately establish its standing to be entitled to relief" (*Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841, 842 [2015]; *see Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 981 [2015]; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced" (*LNV Corp. v Francois*, 134 AD3d 1071, 1072 [2015]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the appellants' default (*see Nationstar Mtge., LLC v Wong*, 132 AD3d 825, 826 [2015]). Further, the plaintiff established, prima facie, that it had standing to commence this action by demonstrating that it had physical possession of the note prior to the commencement of this action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d at 981; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1207 [2015]). In opposition, the appellants failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants and dismissing their counterclaims, to strike the ap-

pellants' answer, and to appoint a referee to compute the amount due to the plaintiff. Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.