U.S. Bank Natl. Assn. v 22 S. Madison, LLC (2019 NY Slip Op 01635)





U.S. Bank Natl. Assn. v 22 S. Madison, LLC


2019 NY Slip Op 01635


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-08169
 (Index No. 34091/14)

[*1]U.S. Bank National Association, etc., respondent,
v
22 South Madison, LLC, appellant, et al., defendants.


Menashe & Associates, LLP, Montebello, NY (Shoshana Schneider of counsel), for appellant.
Dorf & Nelson, LLP, Rye, NY (Jonathan B. Nelson of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant 22 South Madison, LLC, appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated June 20, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant 22 South Madison, LLC, to strike that defendant's answer and affirmative defenses, and for an order of reference, and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant 22 South Madison, LLC, to strike that defendant's answer and affirmative defenses, and for an order of reference are denied.
In December 2006, 22 South Madison, LLC (hereinafter the defendant), executed a note and a mortgage in favor of Greenpoint Mortgage Funding, Inc. (hereinafter Greenpoint). In February 2007, Greenpoint assigned the mortgage, together with the note, to Aurora Bank FSB (hereinafter Aurora). In June 2010, Aurora assigned the note and mortgage to U.S. Bank National Association (hereinafter the plaintiff).
In August 2014, the plaintiff commenced this mortgage foreclosure action against the defendant, among others. The defendant interposed an answer asserting various affirmative defenses, including lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference. The defendant opposed the motion, arguing that triable issues of fact existed as to whether the plaintiff had standing to commence the action. The Supreme Court granted those branches of the plaintiff's motion, and the defendant appeals.
The plaintiff's standing was placed in issue by the defendant's answer. Consequently, the plaintiff was required to prove its standing as part of its prima facie showing on its motion for summary judgment (see US Bank, N.A. v Ballin, 158 AD3d 786; HSBC Bank USA, N.A. v Ehrenthal, 158 AD3d 668, 670; Bank of N.Y. Mellon v Lopes, 158 AD3d 662, 663; U.S. Bank N.A. v Henry, 157 [*2]AD3d 839, 840). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced" (LNV Corp. v Francois, 134 AD3d 1071, 1072). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, the plaintiff attempted to establish its standing by submitting an affidavit of Jillian Thrasher, a contract management coordinator at Ocwen Loan Servicing, LLC (hereinafter Ocwen), the plaintiff's loan servicer. Thrasher averred, in relevant part, that her affidavit was based upon her review of Ocwen's business records, and that upon review of such records, the mortgage and note were assigned to the plaintiff on June 22, 2010. Thus, Thrasher averred that the plaintiff had been the holder of the note and mortgage prior to the filing of the complaint on August 25, 2014. However, "[a] proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Citibank, N.A. v Cabrera, 130 AD3d 861, 861; see Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652). Here, since Thrasher did not allege that she was personally familiar with the plaintiff's record-keeping practices and procedures, a proper foundation for the admission of the records was not provided, rendering them inadmissible to establish that the subject note was possessed by or assigned to the plaintiff prior to the commencement of the action. Moreover, even if a proper foundation had been set forth in the Thrasher affidavit, Thrasher's assertions as to the contents of the records is inadmissible hearsay to the extent that the records she purports to describe were not submitted with her affidavit. While a witness may read into the record from the contents of a document which has been admitted into evidence (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826-827), a witness's description of a document not admitted into evidence is hearsay (see CPLR 4518[a]; Great Am. Ins. Co. v Auto Mkt. of Jamaica, N.Y., 133 AD3d 631, 632-633; People v Barnes, 177 AD2d 989, 989). Furthermore, although the plaintiff submitted an endorsed copy of the note in support of its motion for summary judgment, after having appended an unendorsed copy of the note to the complaint, the plaintiff failed to eliminate a triable issue of fact as to whether the plaintiff was in possession of the original note at the time the action was commenced (see Deutsche Bank Nat. Trust Co. v Webster, 142 AD3d 636, 638; U.S. Bank N.A. v Handler, 140 AD3d 948, 949; U.S. Bank, N.A. v Collymore, 68 AD3d at 754). Thus, the plaintiff failed to establish, prima facie, that it had standing to commence the action.
Since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court