Bank of N.Y. Mellon v Gordon (2019 NY Slip Op 02306)





Bank of N.Y. Mellon v Gordon


2019 NY Slip Op 02306


Decided on March 27, 2019


Appellate Division, Second Department


Miller, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2015-10709
 (Index No. 15788/12)

[*1]Bank of New York Mellon, etc., respondent,
v
Dushaun Gordon, appellant, et al., defendants.



APPEAL by the defendant Dushaun Gordon, in an action to foreclose a mortgage, from an order of the Supreme Court (Thomas A. Adams, J.), entered in Nassau County on August 7, 2015. The order, insofar as appealed from, upon a decision of the same court dated July 23, 2015, (1) granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and dismissing the affirmative defenses and counterclaims asserted by that defendant, and to appoint a referee to compute the amount due, and (2), in effect, denied that defendant's cross motion pursuant to CPLR 3211 and 3212 to dismiss the complaint insofar as asserted against him or, in the alternative, to compel disclosure, in effect, pursuant to CPLR 3124, and for leave to enter a default judgment on his cross claims asserted against the defendant Mortgage Electronic Registration Systems, Inc.



David J. Broderick, P.C., Forest Hills, N.Y. (Kenneth R. Berman of counsel), for appellant.
Frankel Lambert Weiss Weisman & Gordon LLP, Bayshore, NY (Christopher P. Kohn of counsel), for respondent.



MILLER, J.


OPINION & ORDER
In the wake of the financial crisis that began in 2008, the trial courts of this state have faced an unprecedented spike in judicial foreclosure actions. The challenges presented by this dramatic increase in litigation have been compounded by poor record-keeping practices, a changing regulatory environment, inordinate delays, and inadequate legal representation. The sheer number of foreclosure cases has also resulted in a renewed focus on the legal principles underlying such actions and presented circumstances under which those principles must be extended and applied to new factual scenarios.
From an appellate perspective, the recent flood of foreclosure appeals has revealed consistent and repeated confusion about some of the most fundamental aspects of the procedural, substantive, and evidentiary law that must be routinely applied in a foreclosure context. In an effort to provide additional clarity in this important area of the law, we deem it appropriate to collect and reiterate some of these foundational principles in the hope that such clarity will eliminate many of the disputes that make up an ever-increasing proportion of trial-level dockets. For the reasons that follow, we modify the order appealed from.
1. Factual and Procedural Background
The plaintiff commenced this action to foreclose a mortgage. The defendant Dushaun Gordon interposed an answer which included 55 affirmative defenses, 5 counterclaims asserted against the plaintiff, and 2 cross claims asserted against the defendant Mortgage Electronic [*2]Registration Systems, Inc. (hereinafter MERS).
The plaintiff thereafter moved for, among other relief, summary judgment on the complaint insofar as asserted against Gordon and dismissing the affirmative defenses and counterclaims asserted by that defendant, and to appoint a referee to compute the amount due. Gordon opposed the plaintiff's motion and cross-moved pursuant to CPLR 3211 and 3212 to dismiss the complaint insofar as asserted against him or, in the alternative, to compel disclosure, in effect, pursuant to CPLR 3124, and for leave to enter a default judgment on his cross claims asserted against MERS.
In a decision dated July 23, 2015, the Supreme Court determined, among other things, that the plaintiff was entitled to summary judgment on the complaint. A subsequent order entered August 7, 2015, upon the decision, inter alia, (1) granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Gordon and dismissing the affirmative defenses and counterclaims asserted by that defendant, and to appoint a referee to compute the amount due, and (2), in effect, denied Gordon's cross motion pursuant to CPLR 3211 and 3212 to dismiss the complaint insofar as asserted against him or, in the alternative, to compel disclosure, in effect, pursuant to CPLR 3124, and for leave to enter a default judgment on his cross claims asserted against MERS. Gordon appeals from those portions of the order entered August 7, 2015. We modify.
2. Legal Analysis
A. General Principles
A motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Such a motion must be supported "by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions" (CPLR 3212[b]). To make a prima facie showing, the moving party must "demonstrate its entitlement to summary judgment by submission of proof in admissible form" (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 507; see Zuckerman v City of New York, 49 NY2d 557, 562). Admissible evidence may include "affidavits by persons having knowledge of the facts [and] reciting the material facts" (GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967; see CPLR 3212[b]; Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d at 508). "Once a prima facie showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action'" (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 50, quoting Alvarez v Prospect Hosp., 68 NY2d at 324).
"In determining a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party" (Stukas v Streiter, 83 AD3d 18, 22; see Pearson v Dix McBride, LLC, 63 AD3d 895). "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (Kolivas v Kirchoff, 14 AD3d 493, 493; see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404; Stukas v Streiter, 83 AD3d at 23). Accordingly, "[t]he court may not weigh the credibility of the affiants on a motion for summary judgment unless it clearly appears that the issues are not genuine, but feigned" (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441; see 6243 Jericho Realty Corp. v AutoZone, Inc., 27 AD3d 447, 449). "[W]here credibility determinations are required, summary judgment must be denied" (People v Greenberg, 95 AD3d 474, 483, affd 21 NY3d 439; see Pryor & Mandelup, LLP v Sabbeth, 82 AD3d 731, 732; Campbell v Campbell, 43 AD3d 1264, 1266).
In addition, " [a] motion for summary judgment will not be granted if it depends on proof that would be inadmissible at the trial under some exclusionary rule of evidence'" (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 52, quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:18 at 27 [2005 ed]; see HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 954; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652; US Bank N.A. v Madero, 125 AD3d 757, 758). "Out-of-court statements offered for the truth of the matters they assert are hearsay and may be received in evidence only if they fall within one of the recognized exceptions to the hearsay rule, and then only if the proponent demonstrates that the evidence is reliable" (Nucci v Proper, 95 NY2d 597, 602 [internal quotation marks omitted]; see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d at 508).
However, as a general matter, a court should not examine the admissibility of evidence submitted in support of a motion for summary judgment unless the nonmoving party has specifically raised that issue in its opposition to the motion (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 55), for "[w]e are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made" (Misicki v Caradonna, 12 NY3d 511, 519). Indeed "in civil cases, inadmissible hearsay admitted without objection may be considered and given such probative value as, under the circumstances, it may possess'" (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 54-55, quoting Jerome Prince, Richardson on Evidence § 8-108 [Farrell 11th ed 2008]; see Matter of Findlay, 253 NY 1, 11; Ford v Snook, 205 App Div 194, 198, affd 240 NY 624).
B. Standing
In this case, Gordon contends that the Supreme Court should not have awarded the plaintiff summary judgment on the complaint insofar as asserted against him because, in his view, there are triable issues of fact as to whether the plaintiff has standing to maintain this action. This
contention is without merit.
"[W]here, as here, standing is not an essential element of the cause of action, under CPLR 3018(b) a defendant must affirmatively plead lack of standing as an affirmative defense in the answer in order to properly raise the issue in its responsive pleading" (US Bank N.A. v Nelson, ___ AD3d ___, ___, 2019 NY Slip Op 00494, *2-3 [2d Dept 2019]; see Matter of Fossella v Dinkins, 66 NY2d 162, 167; BAC Home Loans Servicing, LP v Alvarado, 168 AD3d 1029, 1030; see also Green Bus Lines v Consolidated Mut. Ins. Co., 74 AD2d 136, 142-143). Here, Gordon asserted standing as an affirmative defense in his answer. Accordingly, the issue of standing is properly before this Court (cf. US Bank N.A. v Nelson, ___ AD3d ___, 2019 NY Slip Op 00494).
Where the issue of standing is raised by a defendant in a mortgage foreclosure action, a plaintiff must prove its standing in order to be entitled to relief against that defendant (see HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 983-984; HSBC Bank USA, N.A. v Calderon, 115 AD3d 708, 709; Bank of N.Y. v Silverberg, 86 AD3d 274, 279). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (Wells Fargo Bank, N.A. v Gallagher, 137 AD3d 898, 899; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 644-645).
Here, the plaintiff established, prima facie, that it had standing to prosecute this action by demonstrating that it was in physical possession of the note, which had been endorsed in blank, at the time the action was commenced. In this regard, the plaintiff submitted the affidavit of its attorneys' employee, Kyra Schwartz, who stated that certain business records, which were maintained by her employer and attached to her affidavit, demonstrated that the plaintiff's attorneys were in possession of the original note endorsed in blank since August 19, 2011, a date which was prior to the commencement of this action (see Bank of Am., N.A. v Tobing, 163 AD3d 518, 519-520; U.S. Bank, N.A. v Cardenas, 160 AD3d 784, 785; PennyMac Corp. v Chavez, 144 AD3d 1006, 1007; M & T Bank v Cliffside Prop. Mgt., LLC, 137 AD3d 876, 877).
In opposition, Gordon failed to raise a triable issue of fact with respect to the issue of standing. Inasmuch as the mortgage "passes with the debt as an inseparable incident" (U.S. Bank,
N.A. v Collymore, 68 AD3d at 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361), Gordon's arguments regarding the validity and timing of the mortgage assignment failed to raise a triable issue of fact in opposition (see Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126, 1127; Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 829, 830; Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 900).
Gordon further contends that Schwartz's affidavit was insufficient to lay a proper foundation for the admissibility of the business records that she attached to it. This contention is also without merit.
"Records made in the regular course of business are hearsay when offered for the truth of their contents" (Jerome Prince, Richardson on Evidence § 8-301 [Farrell 11th ed 1995]). "The statutory business records rule, now CPLR 4518(a), was originally enacted in 1928 to overcome the [*3]deficiencies of common law rules which severely hampered proof of many valid claims" (id.; see People v Kennedy, 68 NY2d 569, 578; Johnson v Lutz, 253 NY 124, 127-128).
The current version of the business records rule provides that
"[a]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518[a]).
An "electronic record . . . shall be admissible in a tangible exhibit that is a true and accurate representation of such electronic record" (id.). A court "may consider the method or manner by which the electronic record was stored, maintained or retrieved in determining whether the exhibit is a true and accurate representation of such electronic record" (id.). However, "[a]ll other circumstances of the making of the memorandum or record, including lack of personal knowledge by the maker, may be proved to affect its weight, but they shall not affect its admissibility" (id.; see People v Kangas, 28 NY3d 984, 985-986; cf. Fed Rules Evid rule 803[6]).
Accordingly, to establish a foundation for the admission of a business record, the proponent of the record must satisfy the requirements identified in the statute (see CPLR 4518[a]). First, the proponent must establish "that the record be made in the regular course of business—essentially, that it reflect a routine, regularly conducted business activity, and that it be needed and relied on in the performance of functions of the business" (People v Kennedy, 68 NY2d at 579). Second, the proponent must also demonstrate "that it be the regular course of such business to make the record . . . essentially, that the record be made pursuant to established procedures for the routine, habitual, systematic making of such a record" (id. at 579-580). Third, the proponent must establish "that the record be made at or about the time of the event being recorded—essentially, that recollection be fairly accurate and the habit or routine of making the entries assured" (id. at 580).
In addition to these statutory requirements, the Court of Appeals has held that "[u]nless some other hearsay exception is available, admission may only be granted where it is demonstrated that the informant has personal knowledge of the act, event or condition and he [or she] is under a business duty to report it to the entrant" (Matter of Leon RR, 48 NY2d 117, 123 [citation omitted]; see People v Patterson, 28 NY3d 544, 550; Johnson v Lutz, 253 NY at 127-128; Murray v Donlan, 77 AD2d 337, 346). That said, "[i]t would clearly defeat the utility of CPLR 4518 to require the testimony of all persons involved in creating the record" (Jerome Prince, Richardson on Evidence § 8-306 [Farrell 11th ed 1995]).
Finally, under the circumstances here, it bears noting that the business record exception to the hearsay rule applies to a "writing or record" (CPLR 4518[a]). Although "[t]he foundation for admission of a business record usually is provided by the testimony of the custodian, the author or some other witness familiar with the practices and procedures of the particular business" (Jerome Prince, Richardson on Evidence § 8-306 [Farrell 11th ed 1995]), it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (see generally Great Am. Ins. Co. v Auto Mkt. of Jamaica, N.Y., 133 AD3d 631, 632-633; 35 Carmody-Wait 2d § 194:94 [2019]; cf. 9 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 4518.20). Accordingly, "[e]vidence of the contents of business records is admissible only where the records themselves are introduced" (35 Carmody-Wait 2d § 194:94 [2019]; see People v Barnes, 177 AD2d 989; see also People v Olivero, 27 Misc 3d 1218[A], 2010 NY Slip Op 50794[U] [Civ Ct, Kings County]; People v Ross, 12 Misc 3d 755, 764 [Crim Ct, Kings County 2006]). "Without their introduction, a witness's testimony as to the contents of the records is inadmissible hearsay" (35 Carmody-Wait 2d § 194:94 [2019]; see U.S. Bank Natl. Assn. v 22 S. Madison, LLC, ___ AD3d ___, ___, 2019 NY Slip Op 01635, *2 [2d Dept 2019]; People v Barnes, 177 AD2d 989). Of course, generally speaking, a witness may always testify as to matters which are within his or her personal knowledge through personal observation (see Jerome Prince, Richardson on Evidence §§ 4-301, 6-210 [Farrell 11th ed 1995]; see also People v Daddona, 81 NY2d 990, 992; Pease v Smith, 61 NY 477, 484-485; People v Duffy, 124 AD2d 258, 260; Levy v Huwer, 80 App Div 499, 501-502, affd 176 NY 612).
Here, Schwartz stated in her affidavit that she was employed by the law firm that represented the plaintiff in this action. Schwartz stated that she was "employed as the manager of a group of employees . . . that is responsible for receiving original loan documents from the firm's clients [and] documenting the receipt of [those] original loan documents." She stated that, when a client forwards a file containing original loan documents, "[her] staff makes a computer entry . . . confirming [their] receipt." These entries were made "at or about the time of the receipt of the original loan documents," and the records of such events were "created and maintained in the ordinary course of [the] business" of the plaintiff's attorneys. Finally, Schwartz stated that "[i]t was the normal course of [the firm's] business to store these records as computer entries."
Schwartz further stated that she reviewed the firm's business records relative to this case, which records showed that the original note was received on August 19, 2011. Attached to Schwartz's affidavit was "a true and accurate printout [she] made of the computer entry confirming the receipt . . . of the original note." Schwartz also attached a copy of the original note to her affidavit, and affirmed that she had compared this copy "to the original note which remains in storage under the custody of [her] team" and that the copy was "a true and accurate copy of the original note."
Contrary to Gordon's contention, Schwartz did not need to demonstrate her familiarity with the record-keeping practices and procedures of the plaintiff, the original lender, Countrywide Home Loans, Inc. (hereinafter Countrywide), or MERS, in order to lay a proper foundation for the admission of the business record attached to her affidavit. Schwartz sought to lay a foundation for the admission of a business record maintained by her employer, the plaintiff's attorneys. She did not seek to lay a foundation for business records produced or maintained by any of the other entities identified by Gordon. As this Court has previously observed, "[t]here is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826). Accordingly, under the circumstances, since Schwartz only sought to lay a foundation for a business record produced and maintained by her own employer, she was only required to set forth her familiarity with her employer's record-keeping practices and procedures (see generally CPLR 4518[a]; People v Kennedy, 68 NY2d at 579-580; cf. Aurora Loan Servs., LLC v Baritz, 144 AD3d 618; US Bank N.A. v Handler, 140 AD3d 948; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650).
Gordon's remaining arguments relating to the issue of standing are either improperly raised for the first time on appeal or without merit. Accordingly, since Gordon failed to raise a triable issue of fact with respect to the issue of standing in opposition to the plaintiff's prima facie showing, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment dismissing the affirmative defenses that raised the issue of standing, to wit, the 1st, 2nd, 3rd, 4th, 5th, 14th, 15th, 26th, 27th, and 36th affirmative defenses (see Aurora Loan Servs., LLC v Vrionedes, 167 AD3d at 830; cf. US Bank N.A. v Weinman, 123 AD3d 1108, 1109-1110).
C. Default
Although vague and inartfully drafted, Gordon's brief, liberally construed, in effect, contends that the Supreme Court should not have awarded the plaintiff summary judgment on the complaint insofar as asserted against him and dismissing the 20th affirmative defense because, in his view, the plaintiff failed to sustain its initial burden of demonstrating that he defaulted in the repayment of the subject note. This contention has merit.
To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Aurora Loan Servs., LLC v Vrionedes, 167 AD3d at 830; Giller v Weiss, 140 AD3d 1117, 1118; HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206, 1206-1207). A plaintiff may establish a payment default by an admission made in response to a notice to admit (see CPLR 3212[b]; 3123), by an affidavit from "a person having [personal] knowledge of the facts" (CPLR 3212[b]), or by other evidence "in admissible form" (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d at 507). Here, as Gordon correctly contends, the plaintiff's submissions failed to lay a proper foundation for the admission of the business records relied upon by the plaintiff to establish Gordon's default in the repayment of the subject loan.
The plaintiff relied upon the affidavit of Rosalind Carroll to lay a foundation for the [*4]admission of business records purporting to show that Gordon had defaulted under the terms of the subject note by failing to make required monthly payments. Carroll stated that she was a "document coordinator" for an entity named "Bayview Loan Servicing, LLC" (hereinafter Bayview), which was identified by Carroll as a "servicer for the plaintiff." Carroll went on to state: "According to the business records I have reviewed, [Gordon] defaulted on the loan by failing to make monthly payments due on May 1, 2008 and continuing to the present."
Although Carroll adequately described the record-keeping practices and procedures utilized by Bayview, and adequately stated her familiarity with those practices, she did not actually attach or otherwise incorporate any of Bayview's business records to her affidavit. Accordingly, to the extent that Carroll's purported knowledge of Gordon's default was based upon her review of unidentified business records created and maintained by Bayview, her affidavit constituted inadmissible hearsay and lacked probative value (see Flick Lbr. Co. v Breton Indus., 223 AD2d 779, 780; People v Barnes, 177 AD2d 989; Dempsey v Intercontinental Hotel Corp., 126 AD2d 477, 479; see also 35 Carmody-Wait 2d § 194:94 [2019]).
The only purported business record specifically identified by Carroll as demonstrating Gordon's default is a document dated June 16, 2008. The record indicates that this document was annexed to Carroll's affidavit. However, Carroll does not specifically allege that Bayview created the document. Furthermore, the document, on its face, indicates that it was created by Countrywide, the original lender, and Carroll does not allege that she is personally familiar with that entity's record-keeping practices and procedures. As previously noted, "[a] proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Citibank, N.A. v Cabrera, 130 AD3d 861, 861 [emphasis added]).
Of course, Carroll's status as an employee of Bayview does not necessarily mean that she is incompetent to lay a foundation for the admission of business records that were created by another entity (see People v Cratsley, 86 NY2d 81, 90). It is true that as a general rule, "the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (Standard Textile Co. v National Equip. Rental, 80 AD2d 911, 911; see People v Cratsley, 86 NY2d at 90). However, such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business (see People v Cratsley, 86 NY2d at 90-91; Bank of Am., N.A. v Brannon, 156 AD3d 1, 8; State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1296; People v DiSalvo, 284 AD2d 547, 548-549; Plymouth Rock Fuel Corp. v Leucadia, Inc., 117 AD2d 727, 728; cf. United States v Jakobetz, 955 F2d 786, 800 [2d Cir]; Matter of Ollag Constr. Equip. Corp., 665 F2d 43, 46 [2d Cir]). Indeed, "[t]he reports of an independent contractor regularly relied on by the business may qualify as the business' record" (Jerome Prince, Richardson on Evidence § 8-307 [Farrell 11th ed 1995]; cf. General Ins. Co. of Am. v United States Fire Ins. Co., 886 F3d 346, 358 [4th Cir]; Cocroft v HSBC Bank USA, N.A., 796 F3d 680 [7th Cir]).
Here, however, Carroll failed to attest to her personal knowledge of Countrywide's record-keeping practices, and failed to allege that the document that she attached to her affidavit was incorporated into Bayview's records and routinely relied upon by Bayview in its business. Accordingly, under the circumstances, Carroll's affidavit was insufficient to lay a proper foundation for the admission of the document dated June 16, 2008 (see e.g. Aurora Loan Servs., LLC v Baritz, 144 AD3d at 619-620; HSBC Mtge. Servs., Inc. v Royal, 142 AD3d at 954; Aurora Loan Servs., LLC v Mercius, 138 AD3d at 652; Citibank, N.A. v Cabrera, 130 AD3d at 861-862).
Moreover, as Gordon correctly contends, certain factual assertions made by Carroll in her affidavit which are relevant to the issue of Gordon's default are directly contradicted by the documents that she attached to her affidavit. Other factual assertions made by Carroll in her affidavit are contradicted by other portions of her own affidavit. These contradictions raise issues of credibility (see e.g. Taieb v Hilton Hotels Corp., 131 AD2d 257, 261), and, as such, Carroll's affidavit failed to eliminate all triable issues of fact with respect to the issue of Gordon's default (see Cristescu v Gasparis, 148 AD3d 669; see generally Pryor & Mandelup, LLP v Sabbeth, 82 AD3d at 732).
We note that the plaintiff did actually submit payment records relating to Gordon's mortgage in support of its motion. However, these payment records were not attached to, or [*5]otherwise incorporated into, Carroll's affidavit, and she did not identify these records or make specific reference to them. Rather, the plaintiff inexplicably attached these payment records as an exhibit to its attorney's affirmation. The plaintiff's attorney does not allege personal knowledge of the record-keeping practices and procedures of the entity that created these payment records (see generally Zuckerman v City of New York, 49 NY2d at 563). Since the plaintiff failed to lay the proper foundation for the admission of the payment records into evidence, those records do not constitute admissible evidence and cannot serve to establish, prima facie, Gordon's default in the repayment of the subject loan (see generally Mallen v Farmingdale Lanes, LLC, 89 AD3d 996, 997; Roldan v New York Univ., 81 AD3d 625, 627; Toussaint v Ferrara Bros. Cement Mixer, 33 AD3d 991, 992; Daliendo v Johnson, 147 AD2d 312, 321).
In sum, since the plaintiff failed to establish, prima facie, Gordon's default in the repayment of the subject loan through the submission of evidence in admissible form, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Gordon and dismissing the 20th affirmative defense asserted by that defendant, and to appoint a referee to compute the amount due (see Fulton Holding Group, LLC v Lindoff, 165 AD3d 1045, 1047-1048; HSBC Mtge. Servs., Inc. v Royal, 142 AD3d at 954).
D. Gordon's Remaining Contentions
Addressing the remaining affirmative defenses asserted in his answer, Gordon contends that they should not have been dismissed by the Supreme Court, sua sponte. Contrary to Gordon's contention, the court did not "sua sponte" strike Gordon's answer and counterclaims. Rather, this relief was specifically requested in the plaintiff's motion papers.
Further, we agree with the Supreme Court's determination to deny those branches of Gordon's cross motion which were pursuant to CPLR 3211 and 3212 to dismiss the complaint insofar as asserted against him, as he failed to demonstrate his entitlement to such relief. Gordon argues that the plaintiff's general denials of the allegations underlying his counterclaims constituted judicial admissions that prove fatal to the plaintiff's complaint. Formal judicial admissions include facts that are "admitted" by a party's pleadings (Zegarowicz v Ripatti, 77 AD3d 650, 653). To constitute a judicial admission, a statement must be "deliberate, clear, and unequivocal" (Rahman v Smith, 40 AD3d 613, 615). The plaintiff's general denials do not meet these criteria.
Gordon also contends that the Supreme Court should not have, in effect, denied that branch of his cross motion which was for leave to enter a default judgment on his cross claims asserted against MERS. To be entitled to such relief, Gordon was required to demonstrate, inter alia, "proof of service" of the cross claims on MERS (CPLR 3215[f]). Although Gordon's counsel affirmed that proof of service of the answer with cross claims upon MERS had been submitted in connection with Gordon's cross motion, the record on appeal does not support this assertion. Since Gordon failed to submit proof of service of process on MERS, he failed to satisfy the requirements for demonstrating his entitlement to leave to enter a default judgment on his cross claims asserted against that defendant (see generally Stevens v Law Off. of Blank & Star, PLLC, 155 AD3d 917, 918).
3. Conclusion
In light of the foregoing, we modify the order appealed from, insofar as described below. Inasmuch as the Supreme Court's denial of that branch of Gordon's cross motion which was to compel disclosure, in effect, pursuant to CPLR 3124 appears to have been premised on its granting of that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Gordon, we remit the matter to that court for a new determination of the branch of the defendant's cross motion which was to compel discovery (see Bank of N.Y. Mellon v Cutler, 154 AD3d 910, 912).
Accordingly, the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Dushaun Gordon and dismissing the 20th affirmative defense asserted by that defendant, and to appoint a referee to compute the amount due, and substituting therefor a provision denying those branches of the plaintiff's motion, and (2) by deleting the provision thereof, in effect, denying that branch of the cross motion of the defendant Dushaun Gordon which was to compel disclosure, in effect, pursuant to CPLR 3124; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of that branch of the cross motion of the defendant Dushaun [*6]Gordon which was to compel disclosure, in effect, pursuant to CPLR 3124.
DILLON, J.P., CHAMBERS and DUFFY, JJ., concur.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Dushaun Gordon and dismissing the 20th affirmative defense asserted by that defendant, and to appoint a referee to compute the amount due, and substituting therefor a provision denying those branches of the plaintiff's motion, and (2) by deleting the provision thereof, in effect, denying that branch of the cross motion of the defendant Dushaun Gordon which was to compel disclosure, in effect, pursuant to CPLR 3124; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of that branch of the cross motion of the defendant Dushaun Gordon which was to compel disclosure, in effect, pursuant to CPLR 3124.
ENTER:
Aprilanne Agostino
Clerk of the Court