Aquino v Ventures Trust 2013-I-H-R by MCM Capital Partners (2019 NY Slip Op 03308)





Aquino v Ventures Trust 2013-I-H-R by MCM Capital Partners


2019 NY Slip Op 03308


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2018-08179
 (Index No. 700398/16)

[*1]Luis Aquino, et al., respondents,
v
Ventures Trust 2013-I-H-R by MCM Capital Partners, appellant.


Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz, Jackie Halpern Weinstein, and Danny Ramrattan of counsel), for appellant.
Cabanillas & Associates, P.C., White Plains, NY (Quenten E. Gilliam of counsel), for respondents.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), dated May 16, 2018. The order, insofar as appealed from, denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Luis Aquino.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2006, the plaintiffs executed a note in favor of Ameriquest Mortgage, promising to repay a loan in the amount of $574,000, which note was secured by a mortgage on certain real property owned by the plaintiff Luis Aquino. On October 19, 2009, the defendant's predecessor, CitiMortgage, Inc. (hereinafter CitiMortgage), commenced an action to foreclose the mortgage, alleging that the plaintiffs had defaulted in making payment on the note. The complaint indicated that CitiMortgage "elected to exercise its option to demand immediate payment in full of the amounts outstanding under the Note and Mortgage." Thereafter, the parties to that action entered into a stipulation discontinuing it without prejudice.
In 2016, the plaintiffs commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The defendant subsequently made a cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted by Luis Aquino. The Supreme Court denied that branch of the cross motion, and the defendant appeals.
"RPAPL 1501 (4) provides that [w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired,' any person with an estate or interest in the property may maintain an action to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom'" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069, quoting RPAPL 1501[4]). Actions to foreclose a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]). "When a mortgage is payable in installments, . . . an acceleration [*2]of the entire amount due begins the running of the statute of limitations on the entire debt" (Milone v US Bank N.A., 164 AD3d 145, 151). "[A]cceleration of a mortgaged debt, by either written notice or the commencement of an action, is only valid if the party making the acceleration had standing at that time to do so" (id. at 153).
Here, the defendant argued on its cross motion that CitiMortgage's purported acceleration of the debt upon commencing the foreclosure action was not valid because CitiMortgage lacked standing. We agree with the Supreme Court, however, that the defendant failed to demonstrate, prima facie, that CitiMortgage lacked standing at the time the foreclosure action was commenced. In support of its cross motion, the defendant offered the affidavit of Michelle Roark, a representative of CitiMortgage, who averred, based upon her review of the "entries in the business records for the [plaintiffs'] note and mortgage," that the note was delivered and assigned to CitiMortgage on November 4, 2009, after the commencement of the foreclosure action. The business records Roark purports to describe were not submitted with her affidavit. "While a witness may read into the record from the contents of a document which has been admitted into evidence, a witness's description of a document not admitted into evidence is hearsay" (U.S. Bank Natl. Assn. v 22 S. Madison, LLC, __ AD3d __, 2019 NY Slip Op 01635, *2 [2d Dept 2019] [citation omitted]; see Bank of New York Mellon v Gordon, __ AD3d __, 2019 NY Slip Op 02306 [2d Dept 2019]). Thus, Roark's affidavit was inadmissible hearsay, which failed to satisfy the defendant's prima facie burden (see U.S. Bank Natl. Assn. v 22 S. Madison, LLC, __AD3d__, 2019 NY Slip Op 01635).
The defendant also failed to meet its prima facie burden with respect to its alternative argument that the voluntary discontinuance of the foreclosure action constituted a revocation of CitiMortgage's acceleration of the debt. "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1069-1070; see Milone v US Bank N.A., 164 AD3d 145, 153-154). Here, CitiMortgage's execution of the stipulation of discontinuance did not, by itself, constitute an affirmative act to revoke its election to accelerate, since the stipulation was silent on the issue of the election to accelerate, and did not otherwise indicate that CitiMortgage would accept installment payments from the plaintiffs (see Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 633).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's denial of that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted by Luis Aquino.
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court