Wells Fargo Bank, N.A. v Kohli (2019 NY Slip Op 04751)





Wells Fargo Bank, N.A. v Kohli


2019 NY Slip Op 04751


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-13464
 (Index No. 10568/14)

[*1]Wells Fargo Bank, National Association, etc., respondent,
v
Sanjay Kohli, appellant, et al., defendants.


Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Sandelands Eyet LLP, New York, NY (William C. Sandelands and Michael Aiello of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sanjay Kohli appeals from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 3, 2016. The judgment of foreclosure and sale, upon an order of the same court dated December 22, 2015, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, upon an order of the same court, also dated December 22, 2015, inter alia, referring the matter to a referee to compute the amount due on the mortgage loan, and upon an order of the same court dated September 21, 2016, granting the plaintiff's motion for a judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that on the Court's own motion, the notice of appeal from the order dated September 21, 2016, is deemed to be a premature notice of appeal from the judgment of foreclosure and sale (see CPLR 5520[c]); and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sanjay Kohli and for an order of reference are denied, the plaintiff's
motion for a judgment of foreclosure and sale is denied, and both orders dated December 22, 2015, and the order dated September 21, 2016, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Sanjay Kohli.
The plaintiff commenced this mortgage foreclosure action against, among others, the defendant Sanjay Kohli (hereinafter the defendant). The defendant interposed an answer wherein he asserted as affirmative defenses, inter alia, that the plaintiff lacked standing, that the plaintiff failed to comply with RPAPL 1304, and that the plaintiff failed to provide him with a notice of default in accordance with section 22 of the mortgage. In an order dated December 22, 2015, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In a separate order also dated December 22, 2015, the court, among other things, referred the matter to a referee to compute the [*2]amount due to the plaintiff on the mortgage loan. Subsequently, the court, in an order dated September 21, 2016, granted the plaintiff's motion for a judgment of foreclosure and sale, and thereafter entered a judgment of foreclosure and sale. The defendant appeals.
Contrary to the defendant's contention, the plaintiff demonstrated, prima facie, its standing to commence the action, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint at the time the action was commenced (see U.S. Bank N.A. v Henry, 157 AD3d 839, 841; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011).
However, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [internal quotation marks omitted]). Here, the plaintiff's submissions, including the affidavit of Daphne Proctor, a "Document Execution Specialist" employed by the loan servicer, failed to lay a proper foundation for the admission of the business records relied on by the plaintiff to establish the defendant's default in repayment of the subject loan (see Bank of N.Y. Mellon v Gordon, ___ AD3d ___, 2019 NY Slip Op 02306, *3-4 [2d Dept 2019]). Notably, to the extent that Proctor's "purported knowledge of [the defendant's] default was based upon her review of unidentified business records created and maintained by [the loan servicer], her affidavit constituted inadmissible hearsay and lacked probative value" ( ___ AD3d at ___, 2019 NY Slip Op 02306, *4).
Moreover, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304. The record contains a single 90-day notice with no clear indication as to whether the mailing was made by registered or certified mail, or by first-class mail (see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658). Furthermore, Proctor, who asserted that the notices required under RPAPL 1304 were mailed, did not aver in her affidavit that she was familiar with the loan servicer's mailing practices and procedures, and therefore did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see Bank of Am., N.A. v Bittle, 168 AD3d at 658; CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901), nor did she aver that she had mailed the notices herself.
The plaintiff also failed to establish, prima facie, that a notice of default in accordance with section 22 of the mortgage was properly transmitted to the defendant prior to the commencement of this action (see J.P. Morgan Mtge. Acquisition Corp v Kagan, 157 AD3d 875, 876).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, without regard to the sufficiency of the defendant's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; J.P. Morgan Mtge. Acquisition Corp v Kagan, 157 AD3d at 876).
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court