Federal Natl. Mtge. Assn. v Brottman (2019 NY Slip Op 05108)





Federal Natl. Mtge. Assn. v Brottman


2019 NY Slip Op 05108


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-11253
 (Index No. 3007/08)

[*1]Federal National Mortgage Association, respondent,
v
Gilda Brottman, et al., appellants, et al., defendant.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for appellants.
Fein Such & Crane, LLP, Westbury, NY (Michael S. Hanusek of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Gilda Brottman and Stanley Brottman appeal from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 1, 2017. The judgment of foreclosure and sale, upon two orders of the same court entered July 1, 2016, and July 7, 2016, respectively, inter alia, both granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Gilda Brottman and Stanley Brottman, to strike those defendants' answer, and for an order of reference, confirmed the referee's report and directed the sale of the subject premises.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Gilda Brottman and Stanley Brottman, to strike those defendants' answer, and for an order of reference are denied, and the orders entered July 1, 2016, and July 7, 2016, are modified accordingly.
On February 15, 2008, Washington Mutual Bank (hereinafter Washington Mutual) commenced this action against, among others, the defendants Gilda Brottman and Stanley Brottman (hereinafter together the defendants) to foreclose a mortgage encumbering residential property. In an order dated February 4, 2010, the Supreme Court directed Washington Mutual to file a note of issue within 90 days, and provided that the failure to do so would result in the dismissal of the action pursuant to CPLR 3216 without further order. Washington Mutual failed to timely file a note of issue, and on May 11, 2010, the action was marked as "disposed." No further order of dismissal was entered.
On August 15, 2014, Federal National Mortgage Association (hereinafter FNMA) purportedly became the successor in interest to Washington Mutual's interest in the subject loan. On January 19, 2016, FNMA moved, inter alia, to substitute itself as the plaintiff in the place of Washington Mutual, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. Of note, FNMA's motion papers [*2]did not mention that the action had previously been dismissed pursuant to CPLR 3216, nor did they set forth any justifiable excuse for failing to timely file a note of issue as required by the order dated February 4, 2010. The defendants opposed the motion, arguing that the action had been dismissed and that FNMA had not set forth any basis to restore it. In reply, FNMA argued that the action could not proceed in 2010 due to delays caused by, inter alia, Washington Mutual's failure in 2009 and acquisition by JPMorgan Chase Bank, N.A. In two orders, the Supreme Court granted FNMA's motion. The court subsequently entered a judgment of foreclosure and sale confirming the referee's report and directing the sale of the subject premises. The defendants appeal.
The Supreme Court, in effect, vacated the purely administrative marking, which it was able to do because there was no order dismissing the action. Nevertheless, as the defendants contend, FMNA failed to meet its prima facie burden for summary judgment. "To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default'" (Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 899, quoting Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d 895, 895). Here, FNMA failed to establish, through admissible evidence, that the defendants defaulted in the repayment of the subject note. FNMA relied upon the affidavit of Kurt Bowling, a foreclosure specialist for nonparty Seterus, Inc. (hereinafter Seterus), the authorized subservicer for FNMA. Bowling stated that his affidavit was based on his review of Seterus's business records and that he had personal knowledge of Seturus's procedures for creating such records. Bowling averred: "Borrower failed to make the payment that was due for August 1, 2007 under the Loan Documents and has failed to make subsequent payments to bring the loan current." However, since Bowling failed to "actually attach or otherwise incorporate any of [Seterus's] business records to [his] affidavit," his averment as to the defendants' purported default "constitute[s] inadmissible hearsay and lack[s] probative value" (Bank of N.Y. Mellon v Gordon, ____ AD3d ____, ____, 2019 NY Slip Op 02306, *4 [2d Dept 2019]). "Evidence of the contents of business records is admissible only where the records themselves are introduced. Without their introduction, a witness's testimony as to the contents of the records is inadmissible hearsay" (35 Carmody-Wait 2d § 194:94, citing People v Barnes, 177 AD2d 989, 989).
Accordingly, since FNMA failed to meet its prima facie burden for summary judgment, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference should have been denied without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court