■ DORIS DEMPSEY, Respondent, v INTERCONTINENTAL HOTEL CORPORATION et al., Appellants, and UNITED TECHNOLOGIES CORP. et al., Respondents.—Order of the Supreme Court, New

York County (Martin Evans, J.), entered on October 9, 1985, granting motion by defendants-respondents Otis Elevator Corporation, Otis Elevator International and United Technologies Corporation for summary judgment dismissing the complaint and all cross claims asserted against defendants-respondents by plaintiff and defendants-appellants, unanimously modified, on the law, to deny summary judgment as to United Technologies Corporation and Otis Elevator International, without prejudice to renew after discovery, and otherwise affirmed, without costs.

This action arises out of injuries sustained by plaintiff on an escalator in the Intercontinental Hotel in Frankfurt, Germany. The escalator was apparently maintained by Flohr Otis, a company incorporated under German law. According to sometimes contradictory information provided by respondents, they claim the following relationships to Flohr Otis: Flohr Otis is wholly owned by Otis Europe SA. A. Seventy-three per cent of Otis Europe SA. A. is owned by either Otis Elevator International or Otis Elevator Corporation, the latter of which is wholly owned by United Technologies Corporation.

Appellant, however, contends Flohr Otis is a division or subsidiary—or both—of each respondent.

Plaintiff, who did not join in this appeal, first sued Intercontinental as the owner of the escalator. Later, she started a second action against United Technologies. She then brought a third suit against United Technologies, Otis Elevator Corp. and Otis International by order entered December 28, 1984, Justice Louis Grossman consolidated the three actions. Shortly thereafter, Intercontinental cross-claimed against respondents United Technologies, Otis Elevator and Otis International. Respondents moved for summary judgment against Intercontinental and plaintiff. Justice Martin Evans granted the motion. Intercontinental appeals from that decision.

As a general rule, a parent corporation is not liable for the acts of a subsidiary. *(Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652.) However, courts disregard the separate legal identities of the parent and subsidiary corporation if the parent intervenes in the subsidiary's management so thoroughly as to ignore the subsidiary's paraphernalia of incorporation, directors and officers. *(Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152.) Each respondent, as part of the summary judgment motion, filed an affirmation or affidavit denying such an interrelationship with Flohr Otis. Appellant, on the other hand, contended at Special Term that, to establish the interrelationship, they needed more time for discovery.

The denials of Otis International and United Technologies were insufficient, as a matter of law, to support a motion for summary judgment under CPLR 3212 (b). That subdivision states, "A motion for summary judgment shall be supported by affidavit * * * by a person having knowledge of the facts". (CPLR 3212 [b].)

The assistant secretary of Otis International, in his affidavit, claimed to "have caused a search to be made" of relevant records which records revealed no basis for liability of Otis International. He failed to produce the records or identify the employees who completed the search. To support summary judgment, affidavits must cite material facts from affiants having knowledge thereof. Where an officer's knowledge has been obtained either from unnamed and unsworn employees or unidentified and unproduced work records, the affidavit lacks any probative value and fails to fulfill such requirement. (Republic Natl. Bank v Luis Winston, Inc., 107 AD2d 581.)

As to United Technologies, an attorney in the firm representing that company, in his affirmation, made exculpatory assertions without claiming personal knowledge of the facts on which he based those assertions. An affirmation by an attorney who does not claim to have any personal knowledge of the facts has no probative value. (Friedlander v Ariel, 94 AD2d 628.) Concur—Kupferman, J. P., Ross, Rosenberger and Ellerin, JJ.