■ RITA P. YOUNGS, Respondent-Appellant, v KISSING BRIDGE SKI CORPORATION et al., Appellants-Respondents. [628 NYS2d 925] —Order unanimously affirmed without costs. Memorandum: Plaintiff failed to obtain leave pursuant to CPLR 3025 (b) and 1003 to serve an "amended summons and complaint" purporting to join New York Sportservice, Inc. (Sportservice) as a party defendant. The failure to obtain leave of court constitutes a jurisdictional defect requiring dismissal of the action against Sportservice *(see, Crook v du Pont de Nemours Co.* [appeal No. 2], 181 AD2d 1039, *affd* 81 NY2d 807; *Yonker v Amol Motorcycles,* 161 AD2d 638; Alexander, 1994 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C305:2, 1995 Pocket Part, at 48; Alexander, Supp Practice Commentaries, CPLR C1003:1, 1995 Pocket Part, at 184). Because Sportservice properly preserved its affirmative defense of lack of jurisdiction in its answer and did not engage in any conduct sufficient to constitute a waiver of its right to object to the improper joinder, Supreme Court properly dismissed the action against it *(see, Crook v du Pont de Nemours Co., supra; Yonker v Amol Motorcycles, supra).*

The court properly denied the motion of defendants Kissing Bridge Ski Corporation (Kissing Bridge) and Delaware North Companies, Inc. (Delaware North) for summary judgment. Defendants failed to submit evidentiary proof in admissible form establishing either that Kissing Bridge did not retain sufficient control over the leased premises to render it liable for plaintiff's injuries *(see, Worth Distribs. v Latham,* 59 NY2d 231, 237-238; *Putnam v Stout,* 38 NY2d 607; *cf., Aprea v Carol Mgt. Corp.,* 190 AD2d 838, 839) or that Delaware North may not be liable for the acts of Sportservice, its subsidiary *(see, Dempsey v Intercontinental Hotel Corp.,* 126 AD2d 477). The court also properly determined that plaintiff is entitled to obtain disclosure of evidence establishing the relationship between Delaware North and Sportservice *(see, Dempsey v Intercontinental Hotel Corp., supra).* (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wesley, Davis and Boehm, JJ.