■ CARL S. GMEREK et al., Appellants, v SCRIVNER, INC., et al., Respondents. [634 NYS2d 299] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly determined that plaintiff Carl S. Gmerek lacks standing, as a shareholder, to sue on the basis of injury to the corporate plaintiffs *(see, New Castle Siding Co. v Wolfson,* 97 AD2d 501, *affd* 63 NY2d 782) and that plaintiff Klein's Elmwood Foods, Inc., lacks standing, as an individual partner in Gmerek's Foods, to assert causes of action belonging to the partnership itself. "[I]t is settled that a partnership cause of action belongs only to the partnership itself or the partners jointly, and that an individual member of the partnership may only sue and recover on a partnership obligation on the partnership's behalf *(Stevens v St. Joseph's Hosp.,* 52 AD2d 722)" *(Shea v Hambro Am.,* 200 AD2d 371, 371-372).

The court erred, however, in granting summary judgment dismissing the action against Scrivner, Inc., dismissing the third cause of action against Scrivner of New York, Inc. and dismissing the first and second causes of action against defendant Kensington and Harlem, Inc. "As a general rule, a parent corporation is not liable for the acts of a subsidiary" *(Dempsey v Intercontinental Hotel Corp.,* 126 AD2d 477, 478, citing *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652). The evidence submitted by plaintiffs, however, raises triable issues of fact whether Scrivner, Inc., so completely dominated the activities of its wholly-owned subsidiary, Scrivner of New York, Inc., and that corporation's wholly-owned subsidiary, Kensington and

Harlem, Inc., that the separate legal identities of the parent and subsidiary corporations may be disregarded *(see, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 140-142; *Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 162-163; *Dempsey v Intercontinental Hotel Corp., supra,* at 478).* Further, plaintiff should have the opportunity, through discovery, to explore further the relationship of defendants with respect to the transactions at issue *(see, Youngs v Kissing Bridge Ski Corp.,* 216 AD2d 967).

We modify the order on appeal, therefore, by striking subparagraphs (a), (d) and (e) of the first ordering paragraph and otherwise affirm. (Appeal from Order of Supreme Court, Erie County, Wolf, Jr., J.—Summary Judgment.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.)