■ CARMEN BARRAILLIER, Respondent, v CITY OF NEW YORK et al., Defendants, JUDLAU CONTRACTING INC., et al., Respondents, and BOVIS LEND LEASE LMB, INC., Appellant. (And a Third-Party Action.) [784 NYS2d 55]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered April 9, 2004, which denied defendant Bovis Lend Lease LMB's motion for summary judgment dismissing the complaint and any cross claims against it, unanimously affirmed, without costs.

Bovis failed to establish that there were no issues of fact concerning its contract to perform or supervise any construction work in the area where plaintiff tripped and fell (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Bovis did not set forth a prima facie showing of entitlement to summary judgment because the supporting affidavit of its executive vice-president did not indicate the sources (e.g., documents he may have searched or reviewed, or persons he consulted) of his familiarity with the construction project at issue, or the company's purported lack of involvement with same (*Dempsey v Intercontinental Hotel Corp.*, 126 AD2d 477, 479 [1987]; *compare Piccinich v New York Stock Exch.*, 257 AD2d 438, 439 [1999]). Furthermore, the affidavit was insufficient because the officer claimed that Bovis did not have a project at the accident location on July 4, 2002, when, in fact, plaintiff asserted in her complaint that the accident took place on July 24 of that year.

The motion court properly ruled that the parties were entitled to depose Bovis and review the work records over which it had exclusive control (*see Gaughan v Chase Manhattan Bank*, 204 AD2d 67 [1994]). Concur—Tom, J.P., Saxe, Lerner, Marlow and Sweeny, JJ.