OPINION OF THE COURT
Susan F. Avery, J.
Consolidation
The above captioned matters, submitted to this court for the entry of ex parte default judgments and issuances of warrants of eviction, are consolidated for purposes of this decision. Common factors in each of these 13 consolidated cases include: each petitioner is represented by the same law firm; and the affidavits submitted in support of the instant applications read similarly and are all insufficient as a matter of law to support the entry of default judgments. Additionally, many of the affidavits are signed by the same individual and notarized by the same notary public. Additionally, in 9 of the 13 proceedings, a supplemental affidavit is submitted, and seven of the nine “supplemental” affidavits are signed by the same individual and notarized by the same notary public. Accordingly, this court consolidates the matters and issues the following order.
Affidavits Submitted
As they relate to the purported rent arrears, each affidavit, drafted in all caps (except for the blanks that are filled in), is *759 titled “AFFIDAVIT OF NON-MILITARY STATUS AND RENT OWED” and reads as follows:
“[_] being duly sworn, deposes and says:
“I am employed at [_] . . . [1]
“I have personal knowledge of the tenant’s rent records. Tenant owes $[ ] through the petition dated [ ]. In addition to subsequent rent.
“Sworn to before me
“[_] day of [_] 2013
‘M_1 MI_I
“Notary Public Signature of Investigator”
Each of the nine “supplemental” affidavits (also drafted in all capital letters), entitled “AFFIDAVIT OF RENT DUE AND OWING,” reads as follows:
“[_] being duly sworn deposes and says:
“1. I am the agent for the landlord in the proceeding.
“2. I have personal knowledge of the tenant’s rent records.
“3. The tenant currently owes $[ ] through the petition in addition to subsequent rent.
“Wherefore, your deponent prays that relief requested herein be granted.
“Sworn to before me
“[_] day of [_] 2013
“MI_1 MI_I
“Notary”
*760 Infirmities of the Affidavits
Troubling to this court is that each affidavit fails to substantiate the basis for the affiant’s “personal knowledge of the tenant’s rent records.”[2] Beyond identifying the affiant by a job title, and as an employee of petitioner, there are no details of the affiant’s actual responsibilities. The affiant does not state that it is his or her responsibility to maintain the books and records of each petitioner,[3] nor does any affiant state that it is his or her responsibility to maintain any of the petitioners’ records or authenticate any record as a true and accurate document, kept in the ordinary course of petitioners’ businesses.[4]
Additionally, there is no allegation in any of the affidavits that the affiant actually has reviewed the petition, and there is no allegation that the statements are sworn to under penalties of perjury. As a result, the affidavits fail to support the conclusion that any respondent defaulted in the payment of the sums demanded in the petitions.
Suspicion of “Robo-Signing”
Affidavits which are identical to numerous other affidavits, which assert allegations without any factual support, create the suspicion of having been “robo-signed,”[5] rather than executed by an individual based upon actual firsthand personal knowledge.
The courts have consistently demonstrated an intolerance for “robo-signing.” The practice has been specifically rejected in residential foreclosure cases,[6] consumer debt *761 cases,[7] no-fault, health care provider cases,[8] and Housing Court nonpayment eviction proceedings.[9]
While this court is mindful that the “suspicion of robosigning ‘does not automatically indicate any impropriety,’ ”[10] it is reason enough to “give[ ] this [c]ourt pause”[11] to make further inquiry as to the veracity of the allegations of the affidavits.
“Robo-Signing” Intolerable in Housing Court Proceedings
Based upon the foregoing, this court maintains, as it has previously held, that the practice of “robo-signing” is as intoler *762 able in Residential Housing Court eviction proceedings as the practice has been found to be in residential foreclosure actions.[12]
Determination
Accordingly, each application for a default judgment in the consolidated cases is denied with leave to renew upon a proper submission. Such proper submission shall include an affidavit of merit/default stating the basis for the affiant’s “personal knowledge.” Any conclusions asserted in any affidavit must be supported by facts, such as the review of books and/or other business records of each petitioner, and each such document shall be authenticated as a business record.
Standard for Resubmission of Similar Ex Parte Applications
As this court denies the instant applications with leave to renew on proper papers, counsel is cautioned that any resubmission must comply with the directives of this decision and applicable procedural law.
In consolidating, then denying, similar apparently “robosigned” applications unrelated to the instant matters, this court scheduled a hearing to determine the actual basis for the affiant’s “personal knowledge.” At the hearing, this court was informed that upon learning from the city marshal that the default warrant request was rejected by the court because of a problem with the affidavit, common practice in this county (Bronx County) is for the petitioner to subsequently submit a new default warrant application containing an identical affidavit sworn to at a later date, rather than requisitioning the court file to see the precise reason for the court’s rejection of the application and submitting an affidavit curing such deficiencies.
This court holds that the common practice of resubmitting applications which are supported by previously insufficient affidavits, which fail to correct the prior defects, is contrary to the law, against public policy and unacceptable to this court. This practice merely overburdens an already overburdened court system.[13]
*763 The law[14] requires that the resubmission of any application, not submitted on notice, contain an affidavit stating the result of any prior application for similar relief, and specifying any new facts that were not previously demonstrated. Specifically, the CPLR requires that “[a]n ex parte motion shall be accompanied by an affidavit stating the result of any prior motion for similar relief and specifying the new facts, if any, that were not previously shown” (CPLR 2217 [b]).
Accordingly, any subsequent application for the same relief as sought herein must comply with the requirements of CPLR 2217 (b) and the directives of this order.
Order
Based upon the foregoing, the instant applications are denied with leave to renew on proper submissions, in compliance with the directives of this order.
Any named respondent, if so inclined, may appear in court and file any appropriate document with the proper clerk.

. Contrary to precedent that “[an] affidavit should contain separate, numbered paragraphs for each factual allegation” (GBI Acupuncture, P.C. v Esurance Ins. Co., 38 Misc 3d 1208[A], 2012 NY Slip Op 52423[U], *5 [Civ Ct, Kings County 2012], referencing generally Phillips v Girdich, 408 F3d 124 [2d Cir 2005]) “[in order] to facilitate the clear presentation of the matters set forth in the affidavit, so that, allegations might easily be referenced in subsequent legal papers” (GBI Acupuncture, P.C. v Esurance Ins. Co. at *5), the 13 initial affidavits submitted in the matters currently before the court fail to contain numbered paragraphs. As a result of petitioners’ failure to sequentially number each paragraph of any of the affidavits, this court is unable to direct the reader to any paragraph by specific paragraph number when referring to specific language in the affidavits.

. See affs of nonmilitary status and rent owed unnumbered 11; affs of rent due and owing ¶ 2.

. “[T]he court found that the affidavit . . . was also insufficient since ‘the affidavit fails to indicate the specific sources of his knowledge (e.g. business records or other documents he may have researched or reviewed . . . ) . . . and contains conclusory allegations regarding his personal knowledge’ ” (GBI Acupuncture, P.C. v Esurance Ins. Co., 38 Misc 3d 1208[A], 2012 NY Slip Op 52423[U], *4 [2012], citing Barraillier v City of New York, 12 AD3d 168 [1st Dept 2004]).

. See CPLR 4518.

. “A ‘robo-signer’ is a person who quickly signs [numerous] . . . documents in a [limited period of time, and] despite swearing that he or she has personally reviewed the . . . documents . . . has not done so” (OneWest Bank, F.S.B. v Drayton, 29 Misc 3d 1021, 1022 [Sup Ct, Kings County 2010]).

. Administrative Order of the Chief Admin Judge of Cts, AO/548/10, discussed at http://www.nycourts.gov/press/pr2010_12.shtml (mandating a *761 specific filing requirement addressed to remedy this flawed practice); see alsoOneWest Bank, F.S.B. v Drayton, 29 Misc 3d 1021, 1022 (2010) (foreclosure action is dismissed “without prejudice, with leave to renew [on proper papers, which shall contain] ... an affidavit from Erica A. Johnson-Seck, a . . . ‘robo-signer,’ explaining her employment status”).

. “A similar requirement, mandating verification of the plaintiff s ownership of the debt and its amount, may improve the integrity of consumer collection cases” (American Express Bank v Tancreto, NYLJ 1202551841663, *4 [Civ Ct, Kings County, Apr. 27, 2012, Dear, J., CV-24043-11/KI]). “The affidavit at hand has the look and feel of a ‘robo-signed’ affidavit that was ‘prepared in blank in advance of knowing who would sign the affidavit’ ” (American Express Centurion Bank v Badalamenti, 30 Misc 3d 1201[A], 2010 NY Slip Op 52238[U], *2 [Nassau Dist Ct 2010], citing American Express Centurion Bank v Bajek, 29 Misc 3d 1226[A], 2010 NY Slip Op 52005[U], *2 n 2 [Sup Ct, Orange County 2010]). And “|j]ust like in Bajek, the affidavit contains a ‘rubber stamped’ opening sentence identifying Ms. Hartje as the affiant, followed by a general description of plaintiffs business record practices and a ‘fill in the blanks’ statement of facts” (American Express Centurion Bank v Badalamenti, 30 Misc 3d 1201[A], 2010 NY Slip Op 52238[U], *2 [2010]); “[p]laintiff accordingly has failed to set forth ‘evidentiary proof in admissible form’ respecting the business records that document the amount of defendant’s alleged indebtedness” (American Express Centurion Bank v Badalamenti at *5, citing Palisades Collection, LLC v Kedik, 67 AD3d 1329, 1331 [4th Dept 2009]).

. Matter of Carothers v GEICO Indem. Co., 79 AD3d 864 (2d Dept 2010) (testimony or affidavit of third-party biller is insufficient to lay the foundation necessary to establish that the claim form and billing documents are business records); see also Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 31 Misc 3d 21 (App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011).

. Intervale Ave Assoc v Donlad, 38 Misc 3d 1221(A), 2013 NY Slip Op 50210(U), *5 (Civ Ct, Bronx County 2013) (“this court holds, that the practice of ‘robo-signing’ is as intolerable in Residential Housing Court proceedings, as the Honorable Jonathan Lippman, Chief Judge of the Court of Appeals, found the practice to be in Residential Foreclosure actions” [emphasis added]).

. American Express Centurion Bank v Badalamenti at *2, quoting American Express Centurion Bank v Bajek at *2 n 2.

. American Express Centurion Bank v Badalamenti at *2; see also Discover Bank v Parisi, Nassau Dist Ct, June 21, 2012, Ciaffa, J., index No. CV-025361-10.

. See n 9, supra.

. “The Bronx handles more than 85,000 housing court cases annually, more than any other borough, making it New York City’s epicenter for disputes between landlords and tenants” (Winnie Hu, Report Says Bronx Rent DisputesFavor Landlords, NY Times, Mar. 14, 2013, § N.Y./Region, available at *763 http://www.nytimes.eom/2013/03/15/nyregion/report-says-bronx-rent-disputesfavor-landlords.html?_r=0).

. CPLR 2217(b).