■ GREAT AMERICAN INSURANCE COMPANY, as Subrogee of M&T Bank Corporation, Respondent, v AUTO MARKET OF JAMAICA, N.Y., Appellant. [19 NYS3d 329]—

In an action for replevin, the defendant appeals from an order of the Supreme Court, Queens County (Dufficy, J.), dated July 14, 2014, which granted the plaintiff's motion pursuant to CPLR 7102 for an order of seizure.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion pursuant to CPLR 7102 for an order of seizure is denied.

The plaintiff, as the subrogee of M&T Bank Corporation (hereinafter M&T Bank), commenced this action to recover possession of a vehicle from the defendant, an auto dealer who purchased the vehicle from another auto dealer at auction for the sum of $31,705. The plaintiff moved for an order of seizure of the vehicle, which was granted by the Supreme Court. The defendant appeals.

"An order of seizure is not a final disposition of a matter but

is a pendente lite order made in the context of a pending action where the movant has established, prima facie, a superior right in the chattel" (*Americredit Fin. Servs., Inc. v Decoteau*, 103 AD3d 761, 762 [2013]). On a motion for an order of seizure, a plaintiff must demonstrate a likelihood of success on its cause of action for replevin and the absence of a valid defense to its claim (*see* CPLR 7102 [c], [d]; *Siemens Med. Solutions USA, Inc. v Magnetic Resonance Imaging Assoc. of Queens, P.C.*, 100 AD3d 620, 621 [2012]; *see also TCF Equip. Fin., Inc. v Interdimensional Interiors, Inc.*, 109 AD3d 898, 899 [2013]; *Americredit Fin. Servs., Inc. v Decoteau*, 103 AD3d at 762).

Here, in support of its motion, the plaintiff submitted, inter alia, an affidavit from a banking officer of M&T Bank, who averred that M&T Bank held a lien on the subject vehicle based upon its financing of the purchase of the vehicle by a nonparty (hereinafter the nonparty purchaser) in May 2012. M&T Bank's officer averred, in conclusory fashion, that the nonparty purchaser defaulted on the loan, that M&T Bank unsuccessfully attempted to repossess the vehicle, and that the signature on a Pennsylvania certificate of title purporting to release M&T Bank's lien "does not belong to any officer of M&T Bank." The plaintiff's attorney argued that the nonparty purchaser had, in effect, stolen the vehicle by forging the signature on the certificate of title, and therefore, the defendant had acquired void title (*see Candela v Port Motors*, 208 AD2d 486, 487 [1994]; *see also Faison v Lewis*, 25 NY3d 220, 228-229 [2015]; *DiLorenzo v General Motors Acceptance Corp.*, 29 AD3d 853, 854 [2006]).

However, as the defendant contends, under Pennsylvania's vehicle titling statute, the Pennsylvania Department of Motor Vehicles was required to send M&T Bank, as the first lienholder, the certificate of title for the vehicle (*see* 75 Pa Cons Stat Ann §§ 1107, 1132.1). M&T Bank's officer failed to address whether the certificate of title was delivered to M&T Bank in accordance with the Pennsylvania statutes. Therefore, there was no evidence to support the plaintiff's contention that the nonparty purchaser had physical possession of the certificate of title such that he could have forged a signature thereon. Moreover, since M&T Bank's officer did not indicate the source of her knowledge that the signature on the certificate of title did not belong to an officer of M&T Bank, her averment is without any probative value (*see Barraillier v City of New York*, 12 AD3d 168, 169 [2004]; *Dempsey v Intercontinental Hotel Corp.*, 126 AD2d 477, 479 [1987]).

M&T Bank's officer also failed to submit any business rec-

ords that she reviewed relating to the nonparty purchaser's payment history, and did not assert that she had personal knowledge of the payment history (*see Citibank, N.A. v Cabrera*, 130 AD3d 861 [2015]). As such, her averment that the nonparty purchaser defaulted on the loan was also without any probative value.

As a result, the plaintiff failed to demonstrate that it is probable that it will succeed on the merits, and that the facts are as stated in the affidavit submitted in support of its motion. Accordingly, the Supreme Court should have denied the plaintiff's motion for an order of seizure. Chambers, J.P., Hall, Duffy and Barros, JJ., concur.