# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

215
CA 15-00835
PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

THE WALTON & WILLET STONE BLOCK, LLC,
AND THOMAS J. MILLAR, PLAINTIFFS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

CITY OF OSWEGO COMMUNITY DEVELOPMENT OFFICE
AND CITY OF OSWEGO, DEFENDANTS-RESPONDENTS.

---

KIRWAN LAW FIRM, P.C., SYRACUSE (TERRY J. KIRWAN, JR., OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

BOND, SCHOENECK & KING, PLLC, OSWEGO (DOUGLAS M. MCRAE OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered February 4, 2015. The order granted the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from an order that granted defendants' motion for summary judgment dismissing the complaint. Plaintiffs commenced this action seeking specific performance of a Contract for Purchase (contract) entered into between defendants as sellers and plaintiff The Walton & Willet Stone Block, LLC (Walton) and Fowler Gardella Construction, LLC (FGC) as buyers. FGC and plaintiff Thomas J. Millar, in a joint venture, submitted a proposal for the redevelopment of a building on property owned by defendants, and defendants chose FGC and Millar as the preferred developers of the property.

We agree with defendants that plaintiffs may not individually seek enforcement of the contract without FGC. Plaintiffs and FGC had a joint venture, and "the legal consequences of a joint venture are equivalent to those of a partnership" (*Gramercy Equities Corp. v Dumont*, 72 NY2d 560, 565). It is well settled that " 'a partnership cause of action belongs only to the partnership itself or the partners jointly, and that an individual member of the partnership may only sue and recover on a partnership obligation on the partnership's behalf' " (*Gmerek v Scrivner, Inc.*, 221 AD2d 991, 991). Thus, any breach of the contract would relate to plaintiffs' and FGC's joint interest, and plaintiffs cannot individually seek enforcement of the contract without FGC (*see e.g. Scott v KeyCorp*, 247 AD2d 722, 724).

Defendants met their initial burden of establishing their entitlement to judgment as a matter of law by submitting the resolution naming the joint venture of FGC and Millar as the preferred developers of the property, the Option Agreement and the contract listing Walton and FGC as the buyers, and the affidavit of Paul Fowler, a managing member of FGC, averring that FGC was no longer involved in any project relating to the property. Plaintiffs failed to raise an issue of fact concerning whether FGC was a member of Walton and thus in effect a plaintiff in the lawsuit (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). In opposition to the motion, plaintiffs submitted affidavits of Millar and Sean Gardella, the other managing member of FGC, contending that FGC was a member of Walton based on Gardella's execution of a unanimous written consent. Plaintiffs failed to produce the written consent, however, and Millar's and Gardella's bare allegation that FGC is a member of Walton is belied by, inter alia, Fowler's affidavit and reply affidavit. "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to raise an issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  March 25, 2016                            Frances E. Cafarell
                                                    Clerk of the Court