Residential Credit Solutions, Inc. v Gould (2019 NY Slip Op 03266)





Residential Credit Solutions, Inc. v Gould


2019 NY Slip Op 03266


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Gische, Gesmer, Moulton, JJ.


381264/10 8286 8285

[*1]Residential Credit Solutions, Inc., Plaintiff-Respondent,
v
Leonard Jay Gould, Defendant-Appellant, New York City Environmental Control Board, et al., Defendants.


Jacqueline M.H. Bukowski, New York, for appellant.
Fein, Such & Crane, LLP, Syracuse (John A. Cirando of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about August 17, 2017, which, in this mortgage foreclosure action, deemed plaintiff's second motion for summary judgment a motion for renewal and, upon renewal, granted plaintiff summary judgment, reversed, on the law, without costs, and the motion denied. Appeal from order, same court and Justice, entered on or about November 27, 2017, which denied defendant Leonard Jay Gould's motion for renewal, dismissed, without costs, as abandoned.
Plaintiff cannot establish that the note was assigned to it by a written assignment prior to commencement of foreclosure proceedings. Therefore, it must "adequately prove[] that it did, indeed, have possession of the note prior to commencement of this action" (Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362 [2015]). A conclusory statement in an affidavit will not suffice (Wells Fargo Bank, N.A. v Jones, 139 AD3d 520, 524 [1st Dept 2016]), and where an affiant's knowledge is based on unidentified and unproduced records, "the affidavit lacks any probative value" and cannot be the basis for an award of summary judgment (Dempsey v Intercontinental Hotel Corp., 126 AD2d 477, 479 [1st Dept 1987]; see also Barraillier v City of New York, 12 AD3d 168, 169 [1st Dept 2004]; Great Am. Ins. Co. v Auto Mkt. of Jamaica, N.Y., 133 AD3d 631, 632-633 [2d Dept 2015]). Since plaintiff has failed to establish that it had physical possession of the note prior to commencement of this action, we reverse the motion court's award of summary judgment to plaintiff.
Defendant executed a note, dated January 3, 2008, payable to nonparty BankUnited, FSB as lender to secure a mortgage on a Bronx residence. Defendant states that, in or about March 2009, he received a notice from BankUnited that plaintiff Residential Credit Solutions, Inc. would act as loan servicer commencing April 1, 2009.[FN1]
On July 1, 2010, plaintiff commenced this foreclosure action in its own name, alleging that defendant had defaulted as of November 1, 2009. Defendant challenged plaintiff's standing in his answer and amended answer.
On or about July 20, 2010, a written "Assignment of Mortgage" from BankUnited (executed by MERS as nominee) to plaintiff, dated June 24, 2010, was recorded. That document makes no mention of the note.
On January 29, 2013, plaintiff made a motion for summary judgment, relying on the affidavit of Virginia Magana, plaintiff's Assistant Vice President. She alleged that, "upon referring this matter to prior counsel, plaintiff provided a copy of the indorsed-in-blank Note." She further claimed that "plaintiff holds the indorsed-in-blank Note" and had done so since April 1, 2009. She did not state that plaintiff possessed the original note, and did not state the specific basis for her knowledge of the facts alleged. Defendant opposed the motion. By order entered on May 13, 2013, the motion court denied the motion because Ms. Magana failed to clearly state that plaintiff had ever possessed the original note.
On February 21, 2014, plaintiff moved to renew and reargue its summary judgment motion. Defendant opposed this motion. By order dated June 9, 2014, the motion court denied the motion, finding that the affidavit of plaintiff's Vice President, Alicia Wood, was unsworn, and thus inadmissible. The court further found that, even if Wood's statement had been sworn, the court would have denied the motion to renew because Wood provided no "new" information that plaintiff could not have submitted on its summary judgment motion, and failed to explain why it had not submitted any "new" information earlier. The court also denied the motion to reargue, finding that plaintiff failed to demonstrate that the court had overlooked or misapprehended fact or law. The court adhered to its prior conclusion that Ms. Magana's affidavit "was conclusory as to transfer of the note and thus insufficient to sustain [plaintiff's] burden on the summary judgment motion."
On June 16, 2017 plaintiff made a second summary judgment motion, and also moved to have Fannie Mae substituted as plaintiff. In support of its motion, plaintiff proffered the affidavit of Nathan Abeln, Document Management Specialist for Seterus, Inc., dated June 16, 2017. He alleged that: (1) Seterus became the loan servicer for Fannie Mae as of September 12, 2011; (2) plaintiff assigned the mortgage to Fannie Mae pursuant to an assignment of mortgage dated October 17, 2014; (3) servicing of defendant's loan was transferred to Seterus on September 1, 2014; and (4) based on "personal knowledge and/or" his review of business records maintained by or on behalf of Seterus, plaintiff "became the holder of the indorsed in blank Note on April 1, 2009." He did not unequivocally state that plaintiff had ever possessed the original note. He stated that plaintiff obtained physical possession of the "indorsed-in-blank Note" on April 1, 2009, but did not state that it was the original note, nor did he state any basis for his alleged knowledge as to when plaintiff obtained it. Although he alleged that Seterus's records included the records of "any prior servicer, including" plaintiff, he did not identify any particular document on which he relied, other than the July 20, 2010 Assignment of Mortgage from the original lender to plaintiff, which made no mention of the note [FN2]. He further alleged that the "original indorsed in blank Note" is currently located with Fannie Mae's document custodian, BNY Mellon in Dallas, Texas.
Defendant opposed the motion, arguing, inter alia, that Abeln failed to identify the basis of his knowledge as to when plaintiff obtained the note, and that his knowledge of such facts was questionable, since Seterus was not involved with the loan at the time of the alleged transfer of the note from the original lender to plaintiff. Defendant also pointed out that he had received a [*2]"Notice of Assignment, Sale or Transfer of Ownership of Mortgage Loan" to the fourth entity to claim it owned his mortgage, MTGLQ Investors, L.P. (MTGLQ), as of April 25, 2017, seven weeks before Abeln signed his affidavit. Defendant further questioned the reliability of Abeln's claims about when plaintiff obtained physical possession of the note because he failed to mention the transfer to MTGLQ in his affidavit.
By order entered August 17, 2017, the motion court exercised its interest of justice discretion to deem plaintiff's second motion for summary judgment to seek renewal of plaintiff's prior motion, and granted plaintiff summary judgment, based on the Abeln affidavit. The motion court found that the transfer of the mortgage to Fannie Mae had no bearing on whether plaintiff had physical possession of the original note prior to commencement, and noted that Seterus was still the servicer when Abeln made his affidavit [FN3]. The motion court further determined that the basis of Abeln's conclusion that plaintiff "became the holder of the indorsed in blank Note on April 1, 2009" was his review of Seterus's business records, and noted that the Abeln affidavit alleged that Seterus's records "include and incorporate the records of prior servicers, including plaintiff, which are monitored for accuracy. . . ."[FN4] Defendant now appeals from the August 17, 2017 order.
No new information provided on plaintiff's second motion for summary judgment supports an award of summary judgment. Where an affiant's knowledge of the facts alleged is obtained from "unnamed and unsworn employees or unidentified and unproduced work records, the affidavit lacks any probative value" and fails to fulfill the requirement of CPLR 3212(b) that the party seeking summary judgment present affidavits citing material facts from affiants with knowledge of those facts (Dempsey v Intercontinental Hotel Corp., 126 AD2d at 479; see also Barraillier v City of New York, 12 AD3d at 169; Great Am. Ins. Co., 133 AD3d at 632-633; compare Nationstar Mtge. LLC v Accardo, 159 AD3d 662 [1st Dept 2018] [summary judgment properly granted where the note was attached to the complaint, and the affidavit of plaintiff's vice president stating that plaintiff obtained possession of original note two years earlier was supported by "corroborating documentary evidence"]). Because the Abeln affidavit fails to state that plaintiff ever possessed the original note and is based upon unidentified and unproduced business records, it contains only conclusory statements, is of no probative value, and cannot be the basis for an award of summary judgment.
As our dissenting colleague concedes, Abeln could not have personal knowledge of the date when plaintiff obtained the original note, since Abeln is not employed by plaintiff but by the loan servicer for Fannie Mae, and the mortgage was allegedly assigned to Fannie Mae more than five years after the date on which plaintiff claims to have obtained the original note and commenced this action.
Plaintiff argues that Aurora Loan Servs., LLC v Taylor (25 NY3d 355) supports its claim that the Abeln affidavit is sufficient to establish plaintiff's physical possession of the original note prior to commencement. We disagree for three reasons. First, in Aurora, the affiant stated that she had personal knowledge of the date on which the plaintiff obtained physical possession of the note prior to commencement. She further stated that she had seen the original note and she attached a copy to her affidavit, establishing that the plaintiff continued to hold the original note as of the date of her affidavit (id. at 359-360). Unlike the affiant in Aurora, Abeln [*3]cannot have personal knowledge of when, if ever, plaintiff obtained physical possession of the original note.
Second, unlike the affiant in Aurora, Abeln failed to identify any documents supporting his claim that plaintiff obtained physical possession of the note prior to commencement. In contrast, the affiant in Aurora submitted with her papers attachments that "clearly show the note's chain of ownership" (id. at 362).
Finally, in Aurora, it appears that the affiant was employed by the plaintiff at the time she claimed the plaintiff had obtained physical possession of the note and at the time of commencement. Here, Abeln is not plaintiff's agent, and his employer, Seterus, did not become Fannie Mae's agent until more than five years after plaintiff alleges it obtained the original note and commenced this action.
For the same reason, Abeln cannot rely on records prepared by Seterus to establish when plaintiff obtained possession of the original note, since Seterus's records were not made "at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518[a]). While an assignee seeking to enforce a loan may rely on an original loan file prepared by its assignor when it relies on such records in the regular course of its business (Wells Fargo Bank, N.A. v Jones, 139 AD3d 520, 521), Abeln failed to identify any document in the original loan file on which he relied in reaching the conclusion that plaintiff obtained the original note on April 1, 2009. Nor could he have relied on the Magana or Wood affidavits, both because of the problems with each of those documents identified by the motion court, and because those affidavits were prepared in connection with this litigation, and thus do not qualify for the business record exception to the rule against hearsay (id. at 522). To the extent that he relied on business records created at or within a reasonable time after plaintiff obtained physical possession of the original note, his failure to identify those records renders his affidavit conclusory and of no probative value (id.; Great Am. Ins. Co., 133 AD3d at 632-633). Therefore, it cannot be the basis for an award of summary judgment (Barraillier, 12 AD3d at 169; Dempsey, 126 AD2d at 479). Moreover, the Abeln affidavit, like the Magana affidavit previously rejected by the motion court, never clearly states that plaintiff ever had physical possession of the original note.
Our dissenting colleague argues that Bank of America, N.A. v Brannon (156 AD3d 1 [1st Dept 2017]) requires that we find the standing requirement in this case has been satisfied, based on the Abeln affidavit. There are three problems with this argument. First, in Brannon, the defendant had waived the defense of standing by failing to raise it in her answer or move to dismiss on that basis. Accordingly, the plaintiff's physical possession of the original note was not at issue in that case. Rather, the issue there was whether the plaintiff had demonstrated the defendant's payment default. The dissent argues that the affidavit in Brannon had "as much detail, but [was] no more specific than Abeln's." However, the language quoted from the affidavit in the published opinion in Brannon does not address the issue of the plaintiff's possession of the original note prior to commencement. Accordingly, our opinion in that case does not reveal how detailed or specific the affidavit was regarding the issue in this case.
Second, in Brannon, the affidavit proffered by the plaintiff in support of its summary judgment motion stated that the affiant had reviewed the plaintiff's records of the defendant's payments of principal and interest to the plaintiff. Accordingly, the Brannon affiant identified the documents on which he relied in stating the relevant facts.
Finally, here, Abeln never stated the fact relevant to the issue of standing in this case: that plaintiff had possession of the original note prior to commencement.
Accordingly, we reverse the motion court's order, and plaintiff's second summary judgment motion is denied.
All concur except Gische, J. who
dissents in a memorandum as follows:




GISCHE J. (dissenting)
[*4] I dissent and would vote to affirm the motion court's grant of summary judgment in favor of plaintiff. The central issue on this appeal is whether the affidavit and documentation provided by the movant satisfies the standing requirement for bringing this mortgage foreclosure action. I believe that our prior decision in Bank of Am., N.A. v


Brannon (156 AD3d 1 [1st Dept 2017]) compels a conclusion that the standing requirement has been satisfied.
I do not disagree with the majority's recitation of the facts in this case. The following additional facts are also considered: The mortgage at issue here did not originate with the named plaintiff (Residential). Residential claims to have obtained the mortgage by assignment on June 24, 2010, recorded in the Office of the City Register on July 20, 2010. This action was commenced on or about July 1, 2010. Although the complaint alleges that Residential is the holder of the note, the complaint is unverified and no copy of the note is made a part thereof. The answer interposes an affirmative defense of lack of standing. An earlier motion by Residential for summary judgment was denied because it failed to prove that the assignment or actual note was in its physical possession at the commencement of this action (Order, Suarez J., entered May 13, 2013). The motion court likewise denied Residential's motion to renew and reargue (Order, same court, dated June 9, 2014).
In October 2014 Residential assigned the mortgage and note to the Federal National Mortgage Association (Fannie Mae), which became the owner. By subsequent order (dated March 2, 2015) the court denied Residential's motion to voluntarily discontinue this action. Thereafter, On April 25, 2017, MTGLQ Investors, L.P., acquired the mortgage and note.
This motion for summary judgment was brought by Residential on June 16, 2017 [FN5]. The motion was now supported by the 2014 affidavit of Residential's vice president, which had previously been rejected by Supreme Court on the earlier summary judgment motion. It was also supported by a "new" affidavit, dated June 16, 2017, from Nathan Abeln the document management specialist for Seterus, Inc. Seterus was the loan servicer for Fannie Mae and also, until July 2017, the loan servicer for MTGLQ. A copy of the actual note is attached to Abeln's affidavit as an exhibit.
Abeln concludes that at the time this action was commenced Residential had physical possession of the endorsed in blank note representing the mortgage at issue in this action. While Abeln clearly could not have personal knowledge of this fact, he claims to have relied upon the books and records of Residential that were received by Fannie Mae following the assignment and available to Seterus as the loan servicer to reach this conclusion. The affidavit claims that the business records of his employer, Seterus, as current servicer of the mortgage, include the business records of Residential, which are regularly relied upon. While the majority correctly points out that Abeln does not identify the specific records he relied upon to reach the conclusion that Residential had physical possession of the note at the time this action was commenced, the affidavit is virtually identical in scope and detail to the affidavit that this Court found sufficient in Brannon under similar circumstances. In addition to attaching a copy of the original note to his affidavit, Abeln's affidavit provides the actual location of the original note as of the date of his affidavit.
In the aftermath of the securitization of mortgages and the resulting mortgage default crisis, one of the many issues that courts grappled with was how to determine whether the party seeking foreclosure actually had the right to do so. Securitized mortgages largely designated the Mortgage Electronic Recording System (MERS) as nominee for otherwise unidentified owners and notes were endorsed in blank, making the notes bearer instruments. While this facilitated the transfer of mortgages from one owner to another, it also made it difficult to determine who really owned any particular mortgage, with standing to foreclose in the event of defaults.
In 2015, the Court of Appeals decided Aurora Loan Servs., LLC v Taylor (25 NY3d 355, 359—362 [2015]), which both streamlined and clarified the standing issue, particularly for bearer notes. In order to establish standing to foreclose a mortgage, the plaintiff is required to prove that it holds or is otherwise the assignee of the note. The holder (or assignee) of the note is deemed the holder of the underlying mortgage loan, because the mortgage passes with the note as an inseparable incident (id. at 362; Wells Fargo Bank N.A. v Ho-Shing, 168 AD3d 126, 133 [1st Dept 2019]). Consequently, the MERS nominee owner designation on the mortgage is largely irrelevant to the issue of standing (Wilmington Sav. Fund Soc.., FSB v Hayes, 167 AD3d 440 [1st Dept 2018]). Where a mortgage note is endorsed in blank, the plaintiff must establish that it has physical possession of note at the commencement of the proceeding (see also JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645 [2d Dept 2016]). There is no requirement that an entity in possession of the endorsed in blank note be able to prove how the note came into its possession (Nationstar Mtg. LLC v Islam, 168 AD3d 583 [1st Dept 2019]; JP Morgan, supra). Nor is actual personal knowledge the only basis on which to establish physical possession of an endorsed in blank note. Business records of an entity claiming ownership of the mortgage may form the basis for such a conclusion, especially where a copy of the original note is provided by the employee attesting to the facts supporting standing (Nationstar Mtg. LLC, supra). A business entity may authenticate business records through a person without personal knowledge of the document, its history or its specific contents, where the person is sufficiently familiar with the corporate records to aver that the record is what it purports to be and the document is from the entity's files (DLJ Mtg. Capital v Mahadeo, 166 AD3d 512, 513 [1st Dept 2018]). Morever, an assignee of a note is entitled to rely upon the business records of its assignor, when it routinely does so in the regular course of its business (Countrywide Home Loans, Inc. v Harris, 162 AD3d 519 [1st Dept 2018]; Brannon at 8).
In order to recover in this action Residential is required to show that it had physical possession of the note at the time this action was commenced. Although the mortgage and note were assigned after this action was commenced, Residential's standing and its right to proceed is not affected (Wells Fargo Bank, N.A. v Wine, 90 AD3d 1216, 1217 [3d Dept 2011]).
Brannon addressed the proof problem raised by this action. The original petitioner had assigned its interest in the mortgage and note while the foreclosure action was pending. In making a motion for summary judgment the new owner had to establish that its predecessor in interest possessed the note at the time the foreclosure action was commenced. In meeting that proof, the successor relied upon the records that it had received from its assignor. In an affidavit with as much detail, but no more specific than Abeln's, the majority expressly held in Brannon that standing had been sufficiently established (id. at 6). Although the Court alternatively held in Brannon that the defendant had "also" waived any standing defense by failing to raise it in her answer (id. at 7), this does not detract from this Court's express holding that "plaintiff established standing by virtue of its possession of the indorsed-in-blank note at the commencement of this action" (id. at 6).
Given Abeln's affidavit, attesting that he reviewed the business records of Fannie Mae, which include the records of its predecessor in interest (Residential), and that it routinely relies on such records in conducting its business, Abeln's further identification of the original note's current location, along with the production of a copy of the original note, it was sufficiently established that Residential had standing to commence this action. I would, therefore, affirm the motion court's order.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK



Footnotes

Footnote 1:Although the notice was apparently an exhibit to defendant's opposition to plaintiff's 2014 motion to renew and reargue its earlier motion for summary judgment, it was not included in either plaintiff's or defendant's appendix on this appeal. As discussed below, by assignment dated October 17, 2014, plaintiff assigned the mortgage to Federal National Mortgage Association (Fannie Mae). The affidavit of Nathan Abeln, a Document Management Specialist employed by Seterus, Inc. (Seterus), which is the loan servicer for Fannie Mae, also states that plaintiff was a "prior servicer" of the loan.

Footnote 2:Specifically, Abeln stated, "[a]fter commencement of this action, the note was transferred and the Mortgage was assigned by [plaintiff] to [Fannie Mae] by Assignment of Mortgage recorded . . . on October 28, 2014. . . ."

Footnote 3:Defendant later received a notice stating that Shellpoint Mortgage Servicing was the loan servicer for his mortgage as of July 1, 2017. An Assignment of Mortgage from Fannie Mae to MTGLQ dated July 6, 2017 was recorded on July 10, 2017.

Footnote 4:On October 13, 2017, defendant moved to renew and reargue plaintiff's second summary judgment motion, which the motion court denied by order entered on November 27, 2017. Defendant abandoned his appeal of this order.

Footnote 5:Notwithstanding that Residential in its August 11, 2017 order to show Cause sought to substitute Fannie Mae as the plaintiff, the motion court struck that requested relief, before signing and making the order to show cause returnable. In any event, MTGLQ is now the real party in interest.