Wells Fargo Bank, N.A. v Atedgi (2020 NY Slip Op 07247)





Wells Fargo Bank, N.A. v Atedgi


2020 NY Slip Op 07247


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2017-07513 
2019-07737
 (Index No. 14776/09)

[*1]Wells Fargo Bank, N.A., respondent,
v
Moshe Atedgi, appellant, et al., defendants.


Joseph A. Altman, P.C., Bronx, NY, for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Moshe Atedgi appeals from (1) an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered June 7, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court (Morgan Cohanim Lancman, J.), entered November 26, 2018. The order granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. The order and judgment of foreclosure and sale, inter alia, is in favor of the plaintiff and against the defendant Moshe Atedgi, directing the sale of the subject premises.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion, inter alia, for summary judgment on the complaint is denied, and the order dated May 30, 2017, is modified accordingly.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
Where, as here, the issue of standing is raised by a defendant, "a plaintiff must establish its standing to be entitled to relief" (EMC Mtge. Corp. v Tinari, 169 AD3d 1006, 1007; see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (EMC Mtge. Corp. v Tinari, 169 AD3d at 1007; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362).
In support of its motion, inter alia, for summary judgment on the complaint, the [*2]plaintiff submitted the affidavit of Jeremiah Herberg, the plaintiff's Vice President of Loan Documentation, who averred, in relevant part, that "[i]n connection with making this affidavit . . . [he] acquired personal knowledge of . . . the matters stated herein by examining the business records relating to the subject mortgage loan and/or confirm the information to the best of my knowledge, information and belief." He averred that "[u]pon confirmation from [the plaintiff's] Document Custody Department, [the plaintiff] was in possession of the Promissory Note until it was shipped [to the plaintiff's attorneys] on or about March 14, 2012." He further "confirm[ed] that" the plaintiff "had possession of the Promissory Note on or before June 4, 2009, the date that this action was commenced."
"Although the foundation for admission of a business record usually is provided by the testimony of the custodian, the author or some other witness familiar with the practices and procedures of the particular business, it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205 [citation and internal quotation marks omitted]; see Great Am. Ins. Co. V Auto Mkt. of Jamaica, N.Y., 133 AD3d 631, 632-633). "'[E]vidence of the contents of business records is admissible only where the records themselves are introduced'" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 205-206, quoting 35 Carmody-Wait 2d § 194:94 [2019]). Without submission of the business records, a witness's testimony as to the contents of the records is inadmissible hearsay (see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d at 206; U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774). Here, Herberg's assertion, in effect, that the plaintiff was the holder of the note when it commenced the action appears to be based upon unproduced business records or upon confirmation of information from some other unproduced source, and is therefore not probative on the issue of the plaintiff's standing (see U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d at 774; Great Am. Ins. Co. v Auto Mkt. of Jamaica, N.Y., 133 AD3d at 633). Thus, the plaintiff failed to establish, prima facie, that it had standing to commence the action. Accordingly, the Supreme Court should have denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Moshe Atedgi (hereinafter the appellant).
However, we agree with the Supreme Court's determination to deny the appellant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. The appellant failed to make a prima facie showing that the plaintiff lacked standing to commence this action (see EMC Mtge. Corp. v Tinari, 169 AD3d at 1008; Wells Fargo Bank, N.A. v Talley, 153 AD3d 583). Moreover, contrary to the appellant's contention, he waived the right to assert that the plaintiff's failure to perform a condition precedent set forth in the mortgage bars this foreclosure action, as this defense was never raised in his answer or in any motion for leave to amend his answer (see CPLR 3015[a]; JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718; Federal Natl. Mtge. Assn. v Onuoha, 172 AD3d 1170; Nationstar Mtge., LLC v Vordermeier, 165 AD3d 822).
The appellant's remaining contention is without merit.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court