SK Indus., LLC v Jackson (2021 NY Slip Op 05601)





SK Indus., LLC v Jackson


2021 NY Slip Op 05601


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-03739 
2019-02756
 (Index No. 16925/13)

[*1]SK Industries, LLC, respondent, 
v
Melvin Jackson, et al., defendants, Alicia R. Moore, appellant.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Law Office of Samuel Katz, PLLC, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alicia R. Moore appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 24, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated January 2, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Alicia R. Moore, to strike her answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated January 24, 2018, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
"Where, as here, the issue of standing is raised by a defendant, 'a plaintiff must establish its standing to be entitled to relief'" (Wells Fargo Bank, N.A. v Atedgi, 189 AD3d 934, 935 quoting EMC Mtge. Corp. v Tinari, 169 AD3d 1006, 1007; see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). "A plaintiff establishes its standing in a mortgage foreclosure action [*2]by demonstrating that, when the action was commenced, it was either the holder or the assignee of the underlying note" (EMC Mtge. Corp. v Tinari,169 AD3d at 1007; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362).
In support of its motion, inter alia, for summary judgment on the complaint, the plaintiff submitted, among other things, the affidavit of Dean Facatselis, who is a managing member of the plaintiff's predecessor in interest, North Shore Investors Realty Group, LLC (hereinafter NSIRG), the entity that commenced this action. In his affidavit, Facatselis averred, in relevant part, that "NSIRG maintains business records . . . in the normal course of its business," he is "personally familiar with the business records and affairs of NSIRG," and that his affidavit is based on his personal knowledge and the substance of such records. Facatselis further averred that "[p]rior to the commencement of this action, NSIRG was the actual Holder" of the subject note and mortgage, and that NSIRG had actual and continuous physical possession of both the note and the mortgage "from and after February 7, 2013, through and including the date this action was commenced." However, Facatselis did not attach to his affidavit the referenced business records upon which he relied.
"Although the foundation for admission of a business record usually is provided by the testimony of the custodian, the author or some other witness familiar with the practices and procedures of the particular business, it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Atedgi, 189 AD3d at 935-936). "[E]vidence of the contents of business records is admissible only where the records themselves are introduced" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 205-206 [citation and internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Atedgi, 189 AD3d at 936). Without submission of the business records, a witness's testimony as to the contents of the records is inadmissible hearsay (see Wells Fargo Bank, N.A. v Atedgi, 189 AD3d at 936; Bank of NY Mellon v Gordon, 171 AD3d at 206; cf. CPLR 4518[a]).
Here, Facatselis's assertion that the plaintiff's predecessor in interest was the holder of the note when it commenced this action is based upon unproduced business records, and is therefore not probative on the issue of the plaintiff's standing (see Wells Fargo Bank, N.A. v Atedgi, 189 AD3d at 936; U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 774). Thus, the plaintiff failed to establish, prima facie, that it had standing to commence this action. Accordingly, the Supreme Court should have denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Alicia R. Moore.
The plaintiff's contention that it established its standing to commence the action through its submission of a chain of mortgage assignments, raised for the first time on appeal, is not properly before this Court (see Wells Fargo Bank v Islam, 174 AD3d 670, 671-672).
In light of our determination, we need not reach Moore's remaining contentions.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court